IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelle Hodges, | ) | C/A No. 6:25-cv-12590-JDA-KFM |
| | ) | |
| Appellant; | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gretchen Holland, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

This matter is a *pro se* appeal from an order issued by the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BANKRUPTCY COURT PROCEEDINGS

On April 6, 2025, the appellant filed a voluntary bankruptcy petition in the Bankruptcy Court. *In re Hodges*, C/A No. 25-01317-hb, at doc. 1 (Bankr. D.S.C. Apr. 6, 2025).[1] On May 28, 2025, the trustee moved to dismiss the case with prejudice. *Id*. at doc. 56. On May 30, 2025, the Honorable Helen E. Burris, Chief United States Bankruptcy Judge, entered an order denying a motion filed by the appellant that requested that the automatic stay be entered in the action. *Id*. at doc. 60. The appellant then filed a notice of appeal as to the May 30, 2025, order. *Id*. at doc. 76; *see In re Hodges*, C/A No. 6:25-cv-05755-JDA, (D.S.C.). The appellant's request to appeal was denied and her appeal was

---

[1] Citations in this section of the report and recommendation will refer to the docket numbers assigned in the Bankruptcy Action. In the remainder of this report and recommendation, documents that were included in the designated record on appeal and filed in this action by the Bankruptcy Court will be referenced based on the docket entry number in this action.

dismissed on September 12, 2025.  *In re Hodges*, C/A No. 6:25-cv-05755-JDA, 2025 WL 2638312 (D.S.C. Sept. 12, 2025).

During this same time, on July 22, 2025, the trustee filed another motion to dismiss the case with prejudice.  *In re Hodges*, C/A No. 25-01317-hb, at doc. 143.  The appellant filed a motion to voluntarily withdraw the petition on August 19, 2025.  *Id*. at doc. 170.  A hearing on the pending motions was held on August 27, 2025.  *Id*. at doc. 174.  An order was entered on August 29, 2025, dismissing the bankruptcy action without an additional prejudice period.  *Id*. at doc. 177.  The appellant then appealed the order.  *Id*. at doc. 182.  The appellant filed statements of issues on appeal on October 20, 2025, and November 3, 2025.  *Id*. at docs. 202; 205.  The appellant also submitted designations for the record on appeal.  *Id*. at docs. 203; 206.[2]

### DISTRICT COURT PROCEEDINGS

The notice of appeal was transmitted to this court from the Bankruptcy Court on September 16, 2025 (doc. 1).  On September 22, 2025, and October 21, 2025, the undersigned issued orders to the appellant indicating that this case did not comply with the Federal Rules of Bankruptcy Procedure and providing her with time to bring the case into compliance with the rules (docs. 3; 6).  The appellant complied with the court's orders, and the designated record on appeal was filed on November 3, 2025 (doc. 8).  By order filed November 12, 2025, the undersigned set briefing deadlines for this appeal (doc. 13).  After failing to meet the original deadline for filing a brief, on December 22, 2025, the appellant's opening brief was filed (doc. 21).  The appellee filed a brief in response on January 21,

---

[2] As noted in the designated record filed in this action, the appellant purported to include a transcript of the August hearing in the record, but none was provided because a transcript was neither requested nor ordered in the Bankruptcy Action (doc. 8 at 2). Nonetheless, this appeal may proceed because the appellant's appeal involves the order of dismissal and the appellant's appeal is not based on matters that were discussed during the hearing (*see* docs. 1; 21; 25).

2026 (doc. 24), to which the appellant replied on January 30, 2026 (doc. 25).  As such, this appeal is now ripe for review.

## APPLICABLE LAW AND ANALYSIS

As a *pro se* litigant, the appellant's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Under 28 U.S.C. § 158(a)(1), the District Courts of the United States have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy courts. On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while it reviews the conclusions of law *de novo*.  *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enter., Inc.)*, 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001).  "On review of a Bankruptcy Court's order, the district court . . . may affirm, reverse, modify or remand with instructions for further proceedings."  *Durant v. Big Rig Lending, LLC*, C/A No. 3:18-CV-01700-CMC, 2018 WL 5961088, at *2 (D.S.C. Nov. 14, 2018) (citing Fed. R. Bankr. P. 8013).

As noted above, the appellant filed the instant action challenging the dismissal of her voluntary petition because the Bankruptcy Court did not rule on her motion to withdraw the petition (doc. 1).  Nevertheless, as set forth below, it is recommended that the Bankruptcy Court's order be affirmed and the appellant's appeal dismissed.

As an initial matter, the appellant's appeal may not be properly before this court because there does not appear to be an actual ongoing controversy.  *See Deakins v. Monaghan*, 484 U.S. 193, 199 (1988) (citations omitted); *Iron Arrow Honor Soc'y v.*

3

*Heckler*, 464 U.S. 67, 70 (1983) (noting that federal courts lack jurisdiction over cases where there is no case or controversy) (citation omitted).  In bankruptcy appeals, mootness has two forms: constitutional mootness and equitable mootness.  *Alexander v. Barnwell Cnty. Hosp.*, C/A No. 1:12-02265-JMC, 498 B.R. 550, 556 (D.S.C. Sept. 13, 2013).  Constitutional mootness is based on the notion that when "there is no longer a case or controversy in the constitutional sense, an Article III court is without jurisdiction to adjudicate." *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 841 F.2d 92, 95 (4th Cir. 1988).  Federal courts lack authority to give opinions on "moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quotation marks and citation omitted).  Equitable mootness is applied in bankruptcy proceedings when "it becomes impractical and imprudent to upset the plan of reorganization at this late date." *Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002) (quotation marks and citation omitted).  Here, it appears that constitutional mootness applies because there is no live case or controversy for adjudication.  Indeed, the appellant seeks to have the Bankruptcy Court dismissal order vacated so an order can be entered granting her motion to withdraw/dismiss her petition (*see* docs. 1; 21; 25).  To grant such a request would be a woeful misuse of judicial resources.  Indeed, the appellant's request would have more basis if the petition had been dismissed "with" prejudice and with limitations on the appellant's ability to file future bankruptcy petitions (as was requested by the trustee and a third party lender) – but Chief Judge Burris specifically declined to do either of those things in dismissing the Bankruptcy Case (*see* doc. 8-2 at 26–35).  Based on the foregoing, the undersigned recommends that this appeal be dismissed as moot.

Nevertheless, even presuming the appeal was properly before this court with an active case and controversy, the Bankruptcy Court should be affirmed.  Here, the appellant's argument is based on her assertion that a motion to withdraw had to be ruled

4

on by the Bankruptcy Court and that the dismissal order does not specify if the appellant's motion was ruled upon (*see* docs. 1; 21; 25).  In support of her appeal, the appellant references Rule 1017(a) of the Federal Rules of Bankruptcy Procedure (*see* docs. 21; 25). Although Rule 1017(a) allows dismissal of a bankruptcy case after a hearing, the rule contains a preface – noting that "except as provided in . . . § 1307(b)." Fed. R. Bankr. P. 1017(a).  As noted by the appellee, because the appellant filed a Chapter 13 petition, the terms of Rule 1017 are subject to the provisions in 11 U.S.C. § 1307(b).  11 U.S.C. § 1307(b).  Section 1307 provides that "[o]n request of the debtor at any time . . . the court shall dismiss a case under this chapter." *Id*.  The appellant argues, however, that she was entitled to withdraw her petition based on Rule 1017(a) and that the dismissal of her petition was inappropriate under the law.  However, the appellant has not identified any legal basis under the Bankruptcy Rules or statutes that allows her to "withdraw" her petition instead of having it dismissed – as the applicable rules she references and the applicable statutes allow "dismissal" of a petition (not withdrawal).  *See* 11 U.S.C. § 1307(b), Fed. R. Bankr. P. 1017(a).  Here, Chief Judge Burris, as required by law, held a hearing regarding the appellant's dismissal request and then entered an order dismissing the petition (doc. 8-2 at 26–35).  Further, the appellant has provided no legal basis for her argument that she was entitled to withdrawal of her petition in lieu of dismissal of her petition – especially where the Bankruptcy Court specifically decided *not* to dismiss the case with prejudice or with an "additional prejudice period" (despite requests otherwise) (*id*. at 35).  Accordingly, upon *de novo* review, presuming jurisdiction to hear this appeal, the Bankruptcy Court should be affirmed and this appeal dismissed.

## RECOMMENDATION

Wherefore, based upon the foregoing, IT IS RECOMMENDED that the Bankruptcy Court's order be **affirmed**, and that this appeal be **dismissed**.  As this is the appellant's second meritless appeal of matters in one bankruptcy petition, it is further

5

recommended that the appellant be warned regarding the entry of sanctions if she continues to file baseless bankruptcy appeals in this court.  **The attention of the parties is directed to the important notice on the next page.**

     **IT IS SO RECOMMENDED**.

                                                   s/Kevin F. McDonald
                                                   United States Magistrate Judge

March 13, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).